# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME BABINEAU, CDCR #V-87829,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, Warden; UNKNOWN, Correctional Officers,<br><br>　　　　　　　　　　Defendants. | Civil No.   14cv0447 GPC (WVG)<br><br>**ORDER:**<br><br>**(1)  GRANTING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS* **(ECF Doc. No. 2)**<br><br>**AND**<br><br>**(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(ii) AND 1915A(b)(1)** |

　　　　Jerome Babineau, ("Plaintiff"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF Doc. No. 1) ("Compl.").

　　　　Plaintiff claims the Warden of RJD, and unknown correctional employees "on duty" at RJD, violated his Eighth Amendment rights in December 2012, by failing to protect him from attack by a fellow inmate, and thereafter failing to provide him with

prompt and adequate medical care. *See* Compl. at 2-3. Plaintiff seeks declaratory relief, as well as compensatory damages, and attorney's fees.[1] *Id.* at 4.

Plaintiff has not prepaid the civil filing fee; instead he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

## I.   PLAINTIFF'S MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a).[2]  An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's

---

[1] Because Plaintiff is proceeding in pro se, he is not entitled to attorneys fees even if he were to eventually prevail. *See Gonzalez v. Kangas*, 814 F.2d 1411, 1411-12 (9th Cir. 1987) (pro se civil rights litigants are not entitled to attorneys fees under 42 U.S.C. § 1988).

[2] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP application, Plaintiff has submitted the certified copies of his trust account statements required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119.  The Court has reviewed Plaintiff's trust account statements, as well as the attached prison certificate issued by a trust account official at RJD where he is currently incarcerated verifying his account history and available balances. Plaintiff's statements show an average monthly balance of $15.18, average monthly deposits of $37.15, and an available balance of $18.94 in his account at the time of filing. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) and assesses an initial partial filing fee of $7.43 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect this initial fee only if sufficient funds in Plaintiff's account are available at the time this Order is executed pursuant to the directions set forth below.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").  The remaining balance of the $350 total fee owed in this case shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.  INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B)(ii) AND 1915A(b)(1)

### A.  Standard of Review

Notwithstanding IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by

those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.

2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

### B. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### C. Respondeat Superior and Individual Liability

Plaintiff names as Defendants Daniel Paramo, the Warden of RJD, and other "unknown defendants" whom he describes only as "correctional officers who were "on duty" when his Eighth Amendment rights were allegedly violated. *See* Compl. at 1-2. However, his Complaint contains no factual allegations to show that either Warden Paramo himself, or any individual RJD correctional officer, actually knew of or took part in violating his constitutional rights. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

///

As currently pleaded, it appears Plaintiff seeks to hold the Warden liable based only on his general responsibility for the well-being of all prisoners, and because as Warden, Paramo must ensure safe conditions and "carry out [...] dictates and policies" at RJD. *See* Compl. at 2. Plaintiff includes no details, however, as to what Paramo or any RJD correctional officer "on duty" specifically did, or failed to do, which resulted in a constitutional violation. *Iqbal*, 556 U.S. at 678 (noting that FED.R.CIV.P. 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 555, 570).

To the extent it appears Plaintiff seeks to hold *any* person liable for causing him harm, his pleading must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and include a description of personal acts by each individual defendant which show a direct causal connection to a violation of specific constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor is only liable for the constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and with deliberate indifference, failed to act to prevent them. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Taylor*, 880 F.2d at 1045. If there is no affirmative link between a defendant's conduct and the alleged injury, as there is none alleged here, there is no violation of the Constitution. *Rizzo v. Goode*, 423 U.S. 362, 370 (1976). "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo*, 423 U.S. at 370-71).

/ / /

Based on these pleading deficiencies, the Court finds Plaintiff has failed to state a claim against any person, and his Complaint therefore requires dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

### D.     Cruel and Unusual Punishment Claims

Even if Plaintiff had alleged facts sufficient to show that any individual person named as a defendant could be held liable under § 1983, his Complaint stills fails to "contain sufficient factual matter, accepted as true, [that] 'state[s] a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

For example, Plaintiff claims he was attacked by fellow inmates on or about December 18, 2012, and "the officers on duty did not protect [him] from the attack." *See* Compl. at 2. Plaintiff further claims that after the incident, unidentified prison officials collected his clothing for purposes of "conducting an internal investigation," and left him to "ambulate in a pair of shower shoes" which caused him to fall and fracture his hip on December 24, 2012. *Id.* at 3. Plaintiff claims to have spent "four (4) hours in excruciating agony" after the fall, but was told, again by unidentified officers, that he would have to "wait for the next shift." *Id.*

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 833; *Hoptowit v. Ray*, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To plead a violation of this duty, however, the prisoner must allege facts sufficient to show that an individual prison official was "deliberately indifferent to a serious threat to [his] safety." *Farmer*, 511 U.S. at 834. The question under the Eighth Amendment is whether the official, acting with deliberate indifference, exposed the plaintiff to a sufficiently substantial 'risk of serious damage to his future health . . . .'" *Farmer*, 511 U.S. at 843 (citing *Helling*, 509 U.S. at 35). The Supreme Court has explained that "deliberate

1  indifference entails something more than mere negligence . . . [but] something less than
2  acts or omissions for the very purpose of causing harm or with the knowledge that harm
3  will result." *Id.* at 835.  The Court defined this "deliberate indifference" standard as
4  equal to "recklessness," in which "a person disregards a risk of harm of which he is
5  aware." *Id.* at 836-37.

6        Thus, to state an Eighth Amendment claim based on either his attack on December
7  18, 2012, or the timely medical attention he claims to have been denied on December 24,
8  2012, Plaintiff's Complaint must contain not just the "labels and conclusions" it
9  currently does invoking "freedom from cruel and unusual punishment," Compl. at 2-3,
10 but some "further factual enhancement," *Iqbal*, 556 U.S. at 678, to show that each
11 individual person he seeks to hold liable under § 1983 knew he faced an objectively
12 serious risk to his safety or health, and also "inferred that substantial harm might result
13 from the risk." *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

14       Without more, however, the Court finds that as currently pleaded, Plaintiff's
15 Eighth Amendment claims contain only the "[t]hreadbare recitals of the elements of a[n
16 Eighth Amendment] cause of action," are "supported by mere conclusory statements,"
17 and therefore, "do not suffice" to "state a claim to relief that is plausible on its face."
18 *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 570); *Lopez*, 203 F.3d at 1126-
19 27; *Resnick*, 213 F.3d at 446.  Nonetheless, because Plaintiff is proceeding in pro se, and
20 he has now been provided with "notice of the deficiencies in his complaint," the Court
21 will also grant him an opportunity to effectively amend.  *See Akhtar v. Mesa*, 698 F.3d
22 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.
23 1992)).[3]

---

[3] Finally, the Court notes that while Plaintiff need not allege in his Complaint that he has exhausted all administrative remedies as are available pursuant to 42 U.S.C. § 1997e(a), *see Jones v. Bock*, 549 U.S. 199, 216 (2007) (concluding that the "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints."), the face of Plaintiff's current pleading suggests his Eighth Amendment claims may *not* have been "properly" exhausted prior to the initiation of this suit. *See* Compl. at 3-4 (noting that Plaintiff spoke "to his counselor" and "fil[ed] appropriate prison appeal paperwork," but "received no response from and prolonged the time from the occurrence."). Plaintiff is hereby advised that "[t]he available remed[y] must be 'exhausted'

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2) is **GRANTED**.

2. The Secretary of the California Department of Corrections and Rehabilitation, or his designee, shall collect the $7.43 initial filing fee assessed by this Order from Plaintiff's prison trust account, and shall forward the remaining $342.57 balance of the full fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and shall forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and

5. Plaintiff is **GRANTED** forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)

---

*before* a complaint under § 1983 may be entertained." *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (quoting *Booth v. Churner*, 523 U.S. 731, 738 (2001) (emphasis added)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

1  (citation omitted) ("All causes of action alleged in an original complaint which are not
2  alleged in an amended complaint are waived.").
3       If Plaintiff fails to file an Amended Complaint within the time provided, this civil
4  action shall remain dismissed without prejudice and without further Order of the Court
5  based on Plaintiff's failure to state a claim upon which relief can be granted pursuant to
6  28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

DATED: July 14, 2014

HON. GONZALO P. CURIEL
United States District Judge